Argued April 18, affirmed June 11, 1979

HOLMES, *Petitioner-Cross-Respondent,*
*v.*
ARGONAUT INSURANCE COMPANY, et al,
*Respondents-Cross-Petitioners.*
(No. 77-1727, CA 12678)
595 P2d 1275

John D. Peterson, Hillsboro, argued the cause for petitioner-cross-respondent. With him on the briefs was Brink, Moore, Brink & Peterson, Hillsboro.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents-cross-petitioners. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Delbert J. Brenneman, Portland.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Claimant appeals an order of the Workers' Compensation Board (Board) denying compensation for low back symptom and reversing the referee's award of scheduled disability for claimant's leg injury. Claimant also contends the Board improperly reduced the award of attorney fees made by the referee. Employer's insurance carrier cross-appeals contending it should not be responsible for further medical care and treatment for claimant's leg injury and that it did not improperly deny responsibility for compensation.

We agree with the findings and conclusions of the Board respecting compensation for claimant's injury and respecting the carrier's unreasonable denial of compensation.

Regarding attorney fees, the order of the Board is ambiguous. The referee concluded that the insurance carrier was responsible for further medical care and treatment contrary to its denial of compensation. He awarded claimant $500 attorney fees to be paid by the carrier because claimant had partially prevailed on a denied claim. The Board's order states:

> "The ALJ's order, dated April 6, 1978, is modified.
> "* * * * *
>
> "Claimant's attorney is granted as a reasonable attorney's fee for partially prevailing on a denied claim to the extent that the carrier's refusal to provide medical care and treatment under ORS 656.245 was improper shall be paid the sum of $150 payable by the employer/carrier.
> "* * * * *."

The order could be read either as a reduction of the $500 fee awarded by the referee or an award of additional fees for the attorney's representation of claimant before the Board. Neither party, in the proceeding before the Board, raised the issue of the attorney fees granted by the referee. We resolve the ambiguity by interpreting the Board's order to mean

[545]

that claimant is awarded $150 attorney fees in addition to the amount awarded by the referee.

Affirmed.